Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike - Suite 100
Floral Park, NY 11001
Tel: 201-873-7675
Attorney for Plaintiff, Emmanuella Philippe,
on behalf of herself and all others similarly situated

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------X

Emmanuella Philippe, on behalf of                           Civil Action No.
herself and all others similarly situated

               Plaintiffs,

                                         CLASS ACTION
                                         COMPLAINT

     v.

APEX Asset Management, LLC

                                NO JURY TRIAL DEMANDED

               Defendant.

-----------------------------------------------------X

      Plaintiff, by and through her counsel, Ryan Gentile, Esq., as and for her complaint

against Defendant, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil

Procedure all others similarly situated, alleges as follows:

## **INTRODUCTION**

1.  Emmanuella Philippe ("Plaintiff"), on her own behalf and on behalf of the class she seeks

    to represent, bring this action to secure redress for the debt collection practices utilized by

    APEX Asset Management, LLC ("APEX" or "Defendant") in connection with their

    attempts to collect alleged debts from herself and others similarly situated.

2.  Plaintiff alleges that the Defendant's collection practices violated the Fair Debt

    Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements made in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. See 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. The FDCPA is generally characterized as a "strict liability" statute because "it imposes liability without proof of an intentional violation." Glover v. FDIC, 698 F.3d 139 (3d. Cir. 2012) (citing Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 & n. 7 (3d Cir. 2011).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FDCPA claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

6. Venue and personal jurisdiction in this District are proper because:

    i.    The acts giving rise to this lawsuit occurred within this District; and

    ii.    Defendant does business within this District.

## PARTIES

7. Plaintiff, Emmanuella Philippe, is an individual natural person who at all relevant times resided in the City of West Orange, County of Essex, State of New Jersey.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. Defendant, APEX Asset Management, LLC, is a limited liability corporation with its principal place of business located at 2501 Oregon Pike Suite 102 Lancaster, PA 17601.

10. The principal purpose of APEX is the collection of debts using the mail and telephone.

11. APEX regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. APEX is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

13. Sometime on or about October 19, 2017, Plaintiff allegedly incurred a financial obligation to Partners for Women - AXIA related to personal medical services rendered to her (the "Debt").

14. The Debt arose out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family or household purposes, namely fees emanating from personal medical services rendered to the Plaintiff.

15. Plaintiff's personal medical services Debt to Partners for Women - AXIA is a "debt" as defined by 15 U.S.C. § 1692a(5).

16. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments owed on the Debt.

17. On or before March 23, 2018, the Debt was allegedly referred by Partners for Women - AXIA to APEX for the purpose of collections.

18. The Debt was never assigned to APEX.

19. Partners for Women - AXIA never transferred, sold or assigned any of their property, interest or rights with regard to the Debt to APEX.

20. No privity of contract exists between Defendant and Plaintiff such that Defendant has standing to sue Plaintiff for non-performance of any legal obligation of the Plaintiff arising from or with regard to the Debt.

21. Defendant is merely a third-party debt collector with no legal interest or right in the Debt.

22. Defendant contends that the Debt is past-due and in default.

23. At the time the Debt was referred to APEX, the Debt was past-due.

24. At the time the Debt was referred to APEX, the Debt was in default.

25. At all times relevant hereto, Defendant acted in an attempt to collect the Debt.

26. On or about March 23, 2018 APEX mailed or caused to be mailed a letter (the "Letter") to Plaintiff. (Annexed and attached hereto as Exhibit A is a true copy of the Letter dated March 23, 2018 sent by APEX to Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address to protect her privacy).

27. APEX mailed the Letter dated March 23, 2018 attached as Exhibit A as a part of their efforts to collect the Debt.

28. Plaintiff received the Letter attached as Exhibit A in the mail.

29. Plaintiff read the Letter attached as Exhibit A upon receipt of the letter in the mail.

30. Exhibit A was sent in connection with the collection of the Debt.

31. Exhibit A seeks to collect the Debt.

32. Exhibit A states in relevant part, "This is an attempt to collect and debt…"

33. Exhibit A states in relevant part, "This is a communication from a debt collector…"

34. Exhibit A conveyed information regarding the Debt including the balance allegedly due and a demand for payment.

35. The letter attached as Exhibit A is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

36. Exhibit A represents APEX's initial collection "communication" with the Plaintiff as communication is defined by 15 U.S.C. §1692a(2).

37. The Letter includes two different telephone numbers for the Defendant's office, 717-519-1770 and 888-592-2144.

38. The Letter attached as Exhibit A states in relevant part: "We request that you pay or dispute this account directly with this office".

39. The Letter later states: "You should act to avoid the possibility of this account becoming a part of your credit history".

40. Upon information and belief, Partners for Women – AXIA does not furnish information regarding their patients' debts to consumer reporting agencies, and therefore there was no possibility of Plaintiff's account becoming a part of her credit history.

41. APEX's collection practice is a high-volume practice.

42. APEX's debt collection practice is largely automated and utilizes standardized form letters.

43. Documents in the form represented by Exhibit A are regularly sent by Apex to collect debts from consumers.

44. Exhibit A is a standardized form letter.

45. Exhibit A is a computer-generated form letter.

46. APEX mailed or caused to be mailed letters in the form of Exhibit A over the course of the past year to hundreds of New Jersey consumers from whom they attempted to collect a consumer debt.

**CLAIMS FOR RELIEF**

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**(15 U.S.C. §1692g)**

47. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

48. The conduct of the Defendant in this case violates 15 U.S.C. §§1692, 1692g, and 1692g(a)(3).

49. The FDCPA at §1692g(a)(3) requires a debt collector to:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> > (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector

50. Collection letters and/or notices, such as Exhibit A sent by APEX to Plaintiff, are to be evaluated by the objective standard of the "least sophisticated consumer."

51. It is well settled, in the Third Circuit, that a dispute of a debt, to be effective, must be in writing. See Graziano v. Harrison, 950 F.2d 107, 112 (3d Cir. 1991).

52. In Caprio v. Healthcare Revenue Recovery Group, LLC 709 F.3d 142 (3d Cir. 2013) the Third Circuit held that a collection letter violates the FDCPA when it can reasonably be read by a least sophisticated consumer to mean that they could dispute their debt by calling the debt collector.

53. APEX violated §1692g because their Letter attached as Exhibit A (like the letter at issue in Caprio) can reasonably be read by a least sophisticated consumer to mean that they could dispute their debt by calling APEX's. APEX's Letter can reasonably be read by a least sophisticated consumer to mean that they could dispute their debt by calling APEX because the Letter first provides two different telephone numbers for APEX's offices,

and later states, "We request that you pay or *dispute this account directly with this office*". (Emphases Added)

54. Any consumer, let alone a least sophisticated one, would read the Letter's instruction to "…dispute this account directly with this office" combined with the earlier listing of two direct telephone numbers for APEX's office, as an invitation to dispute their debt by calling APEX's office at the telephone numbers provided in the Letter by APEX's for their office. The natural, and certainly non-idiosyncratic, understanding of "dispute this account directly with this office" is that one may call said office to dispute said account. When a person is told to dispute directly with an office, and the instructions further do not explain that the dispute must be in writing (APEX's Letter does not state that disputes must be in writing), that natural understanding of the language is that a dispute may be made by telephoning the office directly. In this situation a dispute could not be made by telephoning Defendant's offices, and therefore, like the letter at issue in <u>Caprio</u>, the Letter attached as Exhibit A violates the FDCPA.

55. Defendant's Letter by stating, "We request that you pay or dispute this account directly with this office" overshadowed the validation notice by providing an alternative option to dispute a debt by phone that is not in accordance with the statutory validation notice.

56. Defendant is liable to the Plaintiff and the proposed class pursuant to 15 U.S.C. §1692k because of the FDCPA violations.

## **COUNT II**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
### **(15 U.S.C. §1692e)**

57. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

58. In sending the Letter attached as Exhibit A, Defendant violated 15 U.S.C. §§1692, 1692e, 1692e(5), 1692e(10).

59. 15 U.S.C. §1692e provides:

§1692e.    False or Misleading Representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer

60. APEX's Letter attached as Exhibit A hereto is misleading and/or deceptive to the "least sophisticated consumer", and therefore violates 15 U.S.C. § 1692e(10). The Letter is misleading and/or deceptive because, when read by the least sophisticated consumer, the Letter could be read to have two or more meanings, where at least one or more meanings is inaccurate. Specifically, according to APEX's Letter, if Plaintiff wished to dispute their alleged "$98.20" Debt, she could dispute it "directly with APEX's office", and one natural and non-idiosyncratic way of disputing the Debt "directly with APEX's office" would be by calling APEX at either 717-519-1770 or 888-592-2144, those being the numbers APEX listed for their office in the Letter.

61. APEX's Letter attached as Exhibit A violated § 1692e(5) because it threatened to take an action that was not intended to be taken. Specifically, the Letter stated, "You should act to avoid the possibility of this account becoming a part of your credit history." Upon information and belief, Partners for Women – AXIA does not furnish information

regarding their patients' debts to consumer reporting agencies, and therefore there was no possibility of Plaintiff's account becoming a part of her credit history.

62. Plaintiff has alleged a particularized injury because the letter attached as Exhibit A was were mailed and directed to her.

63. Plaintiff has alleged a concrete harm because the FDCPA creates a substantive right to be free from abusive debt communications and Defendant's violations of the FDCPA results in concrete harm to Plaintiff.

64. Defendant is liable to the Plaintiff and the proposed class pursuant to 15 U.S.C. §1692k because of the FDCPA violations.

## CLASS ALLEGATIONS

65. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

66. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

67. The class is initially defined as (a) all consumers; (b) with a New Jersey address; (c) who were sent a letter from APEX in a form materially identical or substantially similar to the Letter attached as Exhibit A; (d) which was not returned by the post office as undeliverable; (e) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action; and (f) where the letter stated in relevant part either (i) "We request that you pay or dispute this account directly with this office" or (ii) "You should act to avoid the possibility of this account becoming a part of your credit history".

68. The class definition above may be subsequently modified or refined.

69. The proposed class specifically excludes the United States of America, the states of the Third Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Third Circuit and the United States Supreme Court.

70. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

     i.    **<u>Numerosity:</u>** Plaintiff is informed and believes and on that basis alleges that the class defined above is so numerous that joinder of all members would be impracticable. Defendant's conduct involves the sending of form collection letters. Upon information and belief, there are at least 40 members of the class. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

     ii.    **<u>Common Questions Predominate</u>**:  There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of the Defendant's identical conduct particular to the matter at issue; (b) Defendant's violations of the FDCPA, specifically 15 U.S.C. §1692e and

10

§1692g; (c) The availability of statutory penalties; and (d) Attorney's fees and costs.

iii. **<u>Typicality</u>**: Plaintiff's claims are typical of those of the class they seek to represent. Plaintiff's claims and those of each class member originate from the same conduct, practice, and procedure, on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

iv. **<u>Adequacy</u>**: Plaintiff will fairly and adequately protect the interests of each class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of each class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA class action litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither the Plaintiff nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

v. **<u>Superiority</u>**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual

joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Furthermore, a class action is superior for the fair and efficient adjudication of this matter because individual actions are not economically feasible, members of the class are likely to be unaware of their rights or that they were violated, and Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1. An order certifying that Counts I and II may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class as previously set forth and defined above;

2. Adjudging that APEX violated 15 U.S.C. §1692e and 15 U.S.C. §1692g;

3. An award of statutory damages for Plaintiff, and the class pursuant to 15 U.S.C. §1692k;

4. Attorneys' fees, litigation expenses, and costs of suit pursuant to 15 U.S.C. §1692k; and

5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
      May 22, 2019

                /s/ Ryan Gentile

By:_____

            Ryan Gentile, Esq.
            Law Offices of Gus Michael Farinella PC
            Attorney for Plaintiff
            110 Jericho Turnpike – Suite 100
            Floral Park, NY 11001
            Tel: (201) 873-7675
            rlg@lawgmf.com

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

          The Law Offices of Gus Michael Farinella, PC

               /s/ Ryan Gentile

By:_____

            Ryan Gentile